PER CURIAM.
Appended to this order is a complete compilation of the Summary Claims Procedure Rules adopted pursuant to the power vested in this Court by Article V of the Florida Constitution, F.S.A. This compilation shall govern all proceedings within the scope of these rules after midnight December 31, 1967. This compilation shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court of Florida.
Adopted and approved by the Court en banc Oct. 4, 1967.
It is so ordered.
CALDWELL, C. J., and THOMAS, ROBERTS, DREW, THORNAL, O’CON-NELL and ERVIN, JJ., concur.
SUMMARY CLAIMS PROCEDURE RULES
TABLE OF CONTENTS
RULE SUBJECT MATTER
7.010 Title and Scope
(a) Title
(b) Scope
7.020 Applicability of Rules of Civil Procedure; Local Rules
(a) Civil Procedure Rules; When Applicable
(b) Local Rules
7.030 Assignment of Judges
7.040 Clerical and Administrative Duties of Clerk or Judge
7.050 Commencement of Action; Statement of Claim
(a) Commencement
(1) Statement of Claim
(2) When Papers to be Signed by Attorney
(b) Parties
(c) Clerk’s Duties
(d) Memorandum of Hearing Date
7.060 Process
7.070 Method of Service of Process
7.080 Service of Pleadings and Papers Other Than Statement of Claim
(a) Service; When Required
(b) Same; How Made
(c) Filing
(d) Filing with the Court Defined,
(e) Certificate of Service
*617 7.090 Appearance; Defensive Pleadings; Trial Date
(a) Appearance
(b) Defensive Pleadings
(c) Trial Date
7.100 Counterclaims, Setoffs, Transfer When Excessive and Deposit Therefor
(a) Compulsory Counterclaim
(b) Permissive Counterclaim
(c) How Filed
(d) Transfer When Beyond Jurisdiction
7.110 . Dismissal of Actions
(a) Voluntary Dismissal; Effect Thereof
(1) By Parties
(2) By Order of the Court; If Counterclaim
(b) Involuntary Dismissal
(c) Dismissal of Counterclaim or Cross-Claim
(d) Costs
(e) Failure to Prosecute
7.120 Time of Trial
7.130 Continuances and Settlements
(a) Continuances
(b) Settlements
7.140 Trial
(a) Time
(b) Determination
(c) Pretrial
(d) Settlement
.(e) Assistance by Court
(f) How Conducted
7.150 Jury Trials
7.160 Failure of Plaintiff or Both Parties to Appear
(a) Plaintiff
(b) Both Parties
7.170 Default; Judgment
(a) Default
(b) Final Judgment
7.180 Motions for New Trial; Time For; Contents
(a) Time
(b) Determination
(c) Grounds
7.190 Relief From Judgment or Order; Clerical Mistakes
7.200 Executions
7.210 Stay of Judgment and Execution
(a) Judgment or Execution Stayed
(b) Stipulation
(c) Execution
(d) Oral Stipulations
7.220 Supplementary Proceedings
7.230 Appellate Review
7.300 Fofihs
7.310 Caption
*618 7.320 Summons (Notice to Appear)
7.321 Summons (Notice to Appear)
7.330 Statement of Claim (Auto Negligence)
7.331 Statement of Claim (For Goods Sold)
7.332 Statement of Claim (For Work Done and Materials Furnished)
7.333 Statement of Claim (For Money Lent)
7.334 Statement of Claim (Promissory Note)
7.340 Final Judgment
7.341 Execution
RULE 7.010. TITLE AND SCOPE.
(a) Title. These rules shall be cited as the Summary Claims Procedure Rules and may be abbreviated SCPR. These rules shall be construed to implement the simple, speedy and inexpensive trial of actions at law in courts of limited jurisdiction.
(b) Scope. These rules are applicable to all actions of a civil nature in the County Judge’s Courts, County Courts, Justice of Peace Courts, Small Claims Court, and in all other courts in which civil jurisdiction is limited to actions at law in which the demand or value of property involved does not exceed $1,000.00 exclusive of costs, interest and attorney’s fees.
RULE 7.020. APPLICABILITY OF RULES OF CIVIL PROCEDURE; LOCAL RULES.
(a) Civil Procedure Rules; When Applicable. Florida Rules of Civil Procedure 1.090(a), (b) and (e); 1.190(e); 1.210 (b); 1.260; 1.280; 1.300; 1.310; 1.330; 1.350; 1.360; 1.370; 1.410 and 1.560 are applicable to the courts covered by these Rules; provided, the time for such discovery procedures may be prescribed by the court.
(b) Local Rules. Local rules may be adopted, amended or rescinded by the court, but they are not effective until approved by the Supreme Court.
RULE 7.030. ASSIGNMENT OF JUDGES.
Judges may be assigned by the Chief Justice as provided by Florida Appellate Rule 2.1 and Article V, Section 2, Constitution of Florida.
RULE 7.040. CLERICAL AND ADMINISTRATIVE DUTIES OF CLERK OR JUDGE.
The clerk, or if there is no clerk, the judge, shall:
(1) Maintain a trial calendar, and the placing of any action thereon with the date and time of trial is notice to all concerned of the order in which they may expect such action to be called.
(2) Maintain a docket book and a judgment book (which may be the same book) in which accurate entries of all actions brought before the court and notations of the proceedings shall be made including the date of filing; the date of issuance, service and return of process; the appearance of such parties as may appear; the fact of trial, whether by Court or jury; the issuance of execution and to whom issued and the date thereof and return thereon and, when satisfied, a marginal entry of the date thereof; the issuance of a certified copy; a memorandum of the items of costs including witness fees; and the record of the verdict of the jury or finding of the judge, the judgment, including damages *619 and costs, which judgments may he kept in a separate judgment hook.
(3) Maintain an alphabetical index by parties’ names with reference to action and case number.
Committee Note: Also see Rule 7.050(c).
RULE 7.050. COMMENCEMENT OF ACTION; STATEMENT OF CLAIM.
(a) Commencement.
(1) Statement of Claim. Actions are commenced by the filing of a Statement of Claim in concise form which shall inform the defendant of the basis and the amount of the claim. If the claim is based upon a written document, a copy, or the material part thereof, shall be attached to the Statement of Qaim.
(2) When Papers to be Signed by Attorney. Every paper filed by a party represented by an attorney shall be signed by at least one attorney of record in his or her individual name, whose address shall be stated, and who shall be duly licensed to practice law in Florida. A party, individual or corporation, who or which has no attorney handling such cause shall sign his or its statement of claim or other paper and state his or its address. Provided, however, if the trial court in its discretion shall determine that the plaintiff is engaged in the business of collecting claims, and holds such claim being sued upon, by purchase, assignment or management arrangement in the operation of such business, the court may require such corporation to provide counsel in the prosecution of the cause.
(b) Parties. The names and addresses of all parties or their attorneys, if any, must be stated therein.
(c) Clerk’s Duties. The clerk shall assist in the preparation of a Statement of Claim and other papers to be filed in the action at the request of any litigant. The clerk shall not be required to prepare papers on constructive service, proceedings supplementary to execution, or discovery procedures.
(d)Memorandum on Hearing Date. The court shall furnish all parties with a memorandum of the day and hour set for the hearing.
Committee Note: The statement of claim need not be verified.
RULE 7.060. PROCESS.
A summons entitled Notice to Appear stating the time and place of hearing shall be served on the defendant. A copy of the statement of claim shall be served with said notice.'
RULE 7.070. METHOD OF SERVICE OF PROCESS.
Service of process shall be effected as provided by law. Constructive service of process may be effected as provided by law.
Committee Note: Also see Rule 7.120.
RULE 7.080. SERVICE OF PLEADINGS AND PAPERS OTHER THAN STATEMENT OF CLAIM.
(a) Service; when required. Copies of all pleadings and papers subsequent to the notice to appear, except applications for witness subpoenas and orders and judgments entered in open court, shall be served on each party. One against whom a default has been entered is entitled to be served only with pleadings asserting new or additional claims.
(b) Same; how made. When a party is represented by an attorney, service of papers other than the statement of claim and notice to appear shall be made upon the attorney unless the court orders service to be made upon the party. Service shall be made by delivering the paper to the party or his attorney, as the case may be, or by mailing it to his last known address.
*620 (c) Filing. All original pleadings and papers shall be filed with the court either before service or immediately thereafter. The court may allow a copy to be substituted for the original of any document.
(d) Filing with the court defined. The filing of papers with the court as required by these rules is made by filing them with the clerk, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and transmit them to -the clerk, and the clerk shall file them as of the same date they were filed with the judge.
(e) Certificate of service.
(1) When any party or his attorney in substance certifies: “I certify that copy hereof has been furnished to (here insert name or names) by (delivery) (mail) this-day of-, 19 — .
Party or his attorney.”
the certificate is prima facie proof of such service in compliance with all rules of court and law.
(2) When any paper is served by the clerk, a docket entry shall be made showing the mode and date of service. Such entry is sufficient proof of service without a separate certificate of service.
Committee Note: Sections (a), (b), (c), (d), and (e) are substantially the same as FRCP 1.080(a), (b), (d), (e), and (f).
RULE 7.090. APPEARANCE; DEFENSIVE PLEADINGS; TRIAL DATE.
(a) Appearance. On the date and time appointed in the notice to appear the defendant shall appear personally or by counsel.
(b) Defensive Pleadings. Unless required by order of court, written defensive pleadings are not necessary. If filed, copies of such pleadings shall be served on all other parties to the action at or prior to trial.
(c)Trial Date. The court shall provide for trial of an action on the appearance date or thereafter.
RULE 7.100. COUNTERCLAIMS, SET-OFFS, TRANSFER WHEN EXCESSIVE AND DEPOSIT THEREFOR.
(a) Compulsory Counterclaim. Any claim of the defendant against the plaintiff, arising out of the same transaction or occurrence which is the subject matter of plaintiff’s claim, shall be filed not less than five days prior to the appearance date or within such time as the court designates or it is deemed to be abandoned.
(b) Permissive Counterclaim. Any claim or setoff of the defendant against the plaintiff, not arising out of the transaction or occurrence which is the subject matter of plaintiff’s claim, may be filed not less than five days to the appearance date or within such time as the court designates, and tried, providing that such permissive, defensive claim is within the jurisdiction of the court.
(c) How Filed. Counterclaims and set-offs shall be filed in writing. If additional time is needed to prepare a defense, the court may continue the action.
(d) Transfer When Beyond Jurisdiction. When a counterclaim or setoff exceeds the jurisdiction of the court, it shall be filed in writing before or at the hearing, and the action shall then be transferred to the court having jurisdiction thereof. As evidence of good fatih, the counterclaim-ant shall deposit a sum sufficient to pay the filing fee in the court to which the case is to be transferred with his counterclaim, which shall be sent with the record to the court to which transferred. Failure to make the deposit waives the right to transfer.
*621 RULE 7.110. DISMISSAL OF ACTIONS.
(a) Voluntary Dismissal; Effect Thereof.
(1) By parties. Except in action where property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court, (i) by plaintiff informing the defendant and clerk of the dismissal before the trial date fixed in the notice to appear, or before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated, the dismissal is without prejudice, except that a dismissal operates as an adjudication upon the merits when a plaintiff has once dismissed in any court an action based on or including the same claim.
(2) By order of the court; if counterclaim. Except as provided in subdivision (a) (1) of this rule, an action shall not be dismissed at a party’s instance except upon order of the court and on such terms and conditions as the court deems proper. If a counterclaim has been made by the defendant before plaintiff dismisses voluntarily, the action shall not be dismissed against defendant’s objections unless the counterclaim can remain pending for independent adjudication. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
(b) Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of Court. After a party seeking affirmative relief in an action has completed the presentation of his evidence, any other party may move for a dismissal on the ground that upon the facts and the law the party seeking affirmative relief has shown no right to relief without waiving his right to offer evidence in the event the motion is not granted. The court may then determine them and render judgment against the party seeking affirmative relief or may decline to render any judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.
(c) Dismissal of Counterclaim or Cross-Claim. The provisions of this rale apply to the dismissal of any counterclaim or cross-claim.
(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
(e) Failure to Prosecute. All actions in which it does not affirmatively appear from some action taken by filing of pleadings, order of court or otherwise that the same is being prosecuted for a period of one year shall be deemed abated for want of prosecution and shall be dismissed by the court upon its own motion or upon motion of any interested person, whether a party to the action or not, after notice to the parties; provided that actions so dismissed may be reinstated on motion for good cause, such motion to be served by any party within one month after such order of dismissal.
Committee Note: Substantially the same as FRCP 1.420. See also § 45.19(1), Florida Statutes.
*622 RULE 7.120. TIME OF TRIAL.
The time of trial shall not-be less than fifteen (15) nor more than sixty (60) days from the date of personal service of the notice to appear or the last publication of constructive service. Not less than twenty days’ notice shall be given if any of the defendants reside outside the county in which the court sits.
RULE 7.130. CONTINUANCES AND SETTLEMENTS.
(a) Continuances. A continuance may be granted only upon good cause shown. The motion for continuance may be oral but the court may require it to be reduced to writing. The action shall be set again for trial as soon as practicable and the parties given timely notice.
(b) Settlements. Settlements in full or by installment payments made by the parties out of the presence of the court are encouraged. The plaintiff shall notify the clerk of settlement and the case may be dismissed or continued pending payments. Upon failure of a party to perform the terms of any stipulation or agreement for settlement of the claim before judgment, the court may enter appropriate judgment upon request and after proper notice.
RULE 7.140. TRIAL.
(a) Time. The trial shall be had at the time fixed in the notice to appear or such time thereafter as the judge shall designate.
(b) Determination. Issues shall be settled and motions determined summarily.
(c) Pretrial. If, at the time set for trial, it appears to the court that for good cause the trial should not proceed, the time may be utilized for a pretrial conference to determine the issues so that at the next appointed trial date the trial can be held.
(d) Settlement. At any time before judgment the judge shall make an effort to assist the parties in settling the controversy.
(e) Assistance by Court. In an effort to secure substantial justice, the court shall assist any party not represented by an attorney on:
(1) Procedure to be followed
(2) Presentation of material evidence
(3) Questions of law.
(f) How Conducted. The trial shall be conducted informally but with decorum befitting a court of justice. The rules of evidence applicable to trial of civil actions apply but are to be liberally construed.
RULE 7.150. JURY TRIALS.
Trial by jury may be had upon written demand by plaintiff made at the commencement of the action or by any defendant within five days after service of the notice to appear. If the demand is not made, the right to trial by jury is waived. Deposit for payment of jurors, taxation of cost of the jury, selection, issuance of venire, summons and pay of jurors shall be as provided by law.
RULE 7.160. FAILURE OF PLAINTIFF OR BOTH PARTIES TO APPEAR.
(a) Plaintiff. If plaintiff fails to appear on the return date, the action may be dismissed for want of prosecution, defendant may proceed to trial on the merits, or the action may be continued as the judge may direct.
(b) Both Parties. If both parties fail to appear, the judge may continue the action or dismiss it for want of prosecution at that time or later as justice requires.
RULE 7.170. DEFAULT; JUDGMENT.
(a) Default. If defendant does not appear at the scheduled time the plaintiff is entitled to a default to be entered by either the judge or clerk.
*623 (b)Final Judgment. After default is entered, the judge shall receive evidence establishing the damages and enter judgment in accordance with the evidence and the law.
Committee Note: Evidence may be by testimony, affidavit or other competent means.
RULE 7.180. MOTIONS FOR NEW TRIAL; TIME FOR; CONTENTS.
(a) Time. A motion for new trial shall be filed not later than ten (10) days after the date of the judgment. A timely motion may be amended to state new grounds at any time before it is disposed of in the discretion of the court.
(b) Determination. The motion shall set forth the basis with particularity. Upon examination of the motion, the court may find it without merit and deny it summarily, or may grant a hearing on it with notice.
(c) Grounds. Every order granting a new trial shall specify the particular and specific grounds therefor.
Committee Note: Sections (a) and (c) are substantially the same as FRCP 1.530 (b) and (f).
RULE 7.190. RELIEF FROM JUDGMENT OR ORDER; CLERICAL MISTAKES.
Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the record on appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
Committee Note: See FRCP 1.540(a).
RULE 7.200. EXECUTIONS.
An execution shall issue upon the request of the party entitled thereto. No execution shall issue until the time for filing a motion for new trial has expired or, if a motion for a new trial is filed, until after such motion is disposed of. Execution may be issued at any time upon special order of the court.
RULE 7.210. STAY OF JUDGMENT AND EXECUTION.
(a) Judgment or Execution Stayed. When judgment is to be entered against a party, the judge may inquire and permit inquiry about the earnings and financial status of the party and has discretionary power to stay an entry of judgment, or if entered, to stay execution upon such terms as are just and in consideration of a stipulation on the part of the judgment debtor to make such payments as will insure a periodic reduction of the judgment until it is satisfied.
(b) Stipulation. The judge shall note the terms of such stipulation in the file; the stipulation may be set out in the judgment or made a part of the judgment by reference “to the stipulation made in open court.”
(c) Execution. When judgment is entered and execution stayed pending payments, if the judgment debtor fails to pay the installment payments, the judgment creditor may have execution without further notice for the unpaid amount of the judgment.
(d) Oral Stipulations. Oral stipulations may be made in the presence of the court that upon failure of the judgment debtor to comply with any agreement, judgment may be entered or execution issued or both without further notice.
RULE 7.220. SUPPLEMENTARY PROCEEDINGS.
Proceedings supplementary to execution may be had in accordance with proceedings provided by law or by the Rules of Civil Procedure.
*624 RULE 7.230. APPELLATE REVIEW.
Review of orders and judgments of the courts governed by these rules shall be prosecuted in accordance with the Florida Appellate Rules.
Committee Note: Attention is directed to Rule 4.7, F.A.R., which authorizes the Circuit Court to modify or dispense with any of the steps to be taken after filing of the notice of appeal.
RULE 7.300. FORMS.
The following forms of process are sufficient in all actions.
The following forms of statements of claim and other papers are sufficient for the types of actions which they respectively cover. They are intended for illustration ohly. They and like forms may be used with such modifications as may be necessary to meet the facts of each particular action so long as the substance thereof is expressed without prolixity. The common counts are not sufficient. The complaint forms appended to the Florida Rules of Civil Procedure may be utilized if appropriate.
The following forms are approved:
RULE 7.310. CAPTION.
CAPTION OF PLEADINGS
Name of Court
A. B., Plaintiff, -vs-C. D., Defendant. Y No.
Designation of Pleading
RULE 7.320. SUMMONS (NOTICE TO APPEAR).
(CAPTION)
SUMMONS
(NOTICE TO APPEAR)
The State of Florida to:
_.defendant: You are hereby notified that you are required to appear in person or by attorney in-at_Florida on-, 19 at _ o’clock —M.
IF YOU FAIL TO APPEAR ON SAID DATE, IN PERSON OR BY ATTORNEY, A JUDGMENT WILL BE ENTERED AGAINST YOU.
Do not bring witnesses on the above date. You must advise the Court, by mail or by phone, of any change in your mailing address.
Dated at _, Florida, this _ 19_
SEAL
Clerk of the-Court
Committee Note: This form is for appearance date procedure and contemplates an additional appearance for trial.
RULE 7.321. SUMMONS (NOTICE TO APPEAR).
(CAPTION)
SUMMONS
(NOTICE TO APPEAR)
The State of Florida to:
_, defendant: You are hereby notified that the above named plaintiff has made a claim and is requesting judgment against you in the sum of $_, as shown by the statement of claim, together with court costs.
This Court will hear and try this claim on _, 19_ at _ o’clock _M. at_
You are required to be present at this hearing in order to avoid a judgment by default against you. Please bring this notice with you.
If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them with you at the time of the hearing.
If you wish to have witnesses summoned, see the Clerk at once for assistance.
*625 If you desire to file any counterclaim or set-off to plaintiff’s said claim, it must be filed in this Court by you or your attorney in writing at least five (5) days prior to the above date set for trial of said claim.
You may come with or without an attorney. Dated at _, Florida this -, 19—
(SEAL)
Clerk of the - Court
Committee Note: This form is for trial date only and contemplates one hearing at which the trial will be held.
RULE 7.330. STATEMENT OF CLAIM (AUTO NEGLIGENCE).
(CAPTION)
STATEMENT OF CLAIM
The plaintiff_ sues the defendant— and says: On or about_, in the vicinity of _ on a public highway in _ County, Florida, plaintiff’s motor vehicle, being operated by_ was in collision wth defendant’s motor vehicle being operated by _; and that said collision with plaintiff’s vehicle was caused by the negligent and careless operation of defendant’s vehicle, whereby plaintiff’s vehicle was damaged and depreciated in value.
Wherefore plaintiff — demands judgment in the sum of $_
RULE 7.331. STATEMENT OF CLAIM (FOR GOODS SOLD).
(CAPTION)
STATEMENT OF CLAIM
Plaintiff, A. B., sues defendant, C. D., and alleges: There is now due, owing and unpaid from defendant to plaintiff $_ with interest since -, 19 for the following goods sold and delivered by plaintiff to defendant between _,' 19_and_, 19_-.
(List goods and prices and any credits)
WHEREFORE, plaintiff demands judgment for damages against defendant.
RULE 7.332. STATEMENT OF CLAIM (FOR WORK DONE AND MATERIALS FURNISHED).
(CAPTION)
STATEMENT OF CLAIM
Plaintiff, A. B., sues defendant, C. D., and alleges: There is now due, owing and unpaid from defendant to plaintiff $- with interest since -, 19_ for the following items of labor and materials furnished to defendant at his request between-, 19_and_, 19_,.
(Here list time and materials, showing charges therefor and any credits)
WHEREFORE, plaintiff demands judgment for damages against defendant.
RULE 7.333. STATEMENT OF CLAIM (FOR MONEY LENT).
(CAPTION)
STATEMENT OF CLAIM
Plaintiff, A. B., sues defendant, C. D., and alleges: There is now due, owing and unpaid from defendant to plaintiff $- for money lent by plaintiff to defendant on_, 19_, with interest thereon since_, 19_
WHEREFORE, plaintiff demands judgment for damages against defendant.
*626 RULE 7.334. STATEMENT OF CLAIM (PROMISSORY NOTE).
(CAPTION)
STATEMENT OF CLAIM
Plaintiff, A. B., sues defendant, C. D., and alleges:
1. This is an action for damages which does not exceed the sum of $- (Insert jurisdictional amount of court)
2. On _, 19_, defendant executed and delivered to plaintiff a promissory note, a copy being attached, in _County, Florida.
3. Defendant failed to pay
(a) said note when due.
(b) the installment payment due on said note on -, 19 — , and plaintiff elected to accelerate payment of the balance.
4. There is now due, owing and unpaid from defendant to plaintiff $-, on said note with interest since-, 19-
5. Plaintiff has obligated himself to pay his attorneys a reasonable fee for their services in bringing this action.
WHEREFORE, plaintiff demands judgment for damages against defendant.
Committee Note: Attach copy of note to each copy of the Statement of Claim. Use 3(a) or (b) and 5 as applicable.
RULE 7.340. FINAL JUDGMENT.
(CAPTION)
FINAL JUDGMENT
Plaintiff,_, hereby recovers from defendant,-the sum of $_and costs of $-, for which let execution issue.
Entered on_, 19-
RULE 7.341. EXECUTION.
(CAPTION)
EXECUTION
THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:
YOU ARE HEREBY COMMANDED to levy on the goods and chattels, lands and tenements of _ in the sum of $_ with legal interest thereon from -, 19— until paid and that you have this writ before the court when satisfied.
WITNESS my hand and the seal of the court on-, 19_
SEAL
Clerk of the_Court